**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 22-1650**

———————

MARIA RAYMUNDO RAMOS DE CAAL; E.C.R.; M.M.C.R.,

       Petitioners,

    v.

MERRICK B. GARLAND, Attorney General,

       Respondent.

———————

On Petition for Review of an Order of the Board of Immigration Appeals.

———————

Submitted: July 6, 2023                     Decided: August 17, 2023

———————

Before KING and HARRIS, Circuit Judges, and KEENAN, Senior Circuit Judge.

———————

Petition denied by unpublished per curiam opinion.

———————

**ON BRIEF:** Mark T. Roche, Katharine Molander-Scull, Alyssa Dickinson, Juan Carlos Luna-Bojalil, San Francisco, California, Michael Tedesco, New York, New York, Laura Ocampo, BAKER & MCKENZIE LLP, Tampa, Florida, for Petitioners. Brian Boynton, Principal Deputy Assistant Attorney General, Jennifer Levings, Assistant Director, Allison Frayer, Trial Attorney, Office of Immigration Litigation, Civil Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Maria Raymundo Ramos De Caal and her two children, natives and citizens of Guatemala, petition for review of the order of the Board of Immigration Appeals ("Board") denying reconsideration. We deny the petition for review.

Ramos De Caal sought asylum and withholding of removal, claiming she was persecuted on account of her membership in two particular social groups: (1) Guatemalan Achi women who are single mothers; and (2) Guatemalan Achi women unable to leave their relationships. The agency concluded that the second group was not cognizable and, in any event, Ramos De Caal was not a member of the group because she was able to leave her relationships. As for the first group, it was determined that Ramos De Caal did not meet her burden of showing persecution on account of her membership in that particular social group.

We "review a denial of a motion to reconsider for an abuse of discretion. This means that we can reverse only if the Board acted arbitrarily, irrationally, or contrary to law." *Narine v. Holder*, 559 F.3d 246, 249 (4th Cir. 2009) (citation and internal quotation marks omitted). A motion to reconsider "must 'specify the errors of law or fact in the previous order and shall be supported by pertinent authority.'" *Mejia-Velasquez v. Garland*, 26 F.4th 193, 205 (4th Cir. 2022) (quoting 8 U.S.C. § 1229a(c)(6)(C)). In their motion to reconsider, the Petitioners asserted that the Board erred in dismissing their appeal by applying the Attorney General's decision in *In re A-B-*, 27 I. & N. Dec. 316 (A.G. 2018) (*In re A-B-* I), which was vacated after the Board's dismissal. *See In re A-B-*, 28 I. & N. Dec. 307 (A.G. 2021). The Board relied on *In re A-B-* I in finding that the particular social

2

group of Guatemalan Achi women unable to leave their relationships was not cognizable. But the Board also found that Ramos De Caal was not a member of the group because she was able to leave her abusive relationships.

"We review factual findings for substantial evidence, treating them as conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." *Kerr v. Garland*, 66 F.4th 462, 467 (4th Cir. 2023) (internal quotation marks omitted). We conclude that substantial evidence supports the finding that Ramos De Caal was able to leave the two abusive relationships. Thus, even assuming the cognizability of the particular social group of Guatemalan Achi women unable to leave their relationships, Ramos De Caal failed to show she was a member of that group. *See Morales v. Garland*, 51 F.4th 553, 558 (4th Cir. 2022) (noting that petitioner failed to show she was a member of her particular social group).

In their motion to reconsider, the Petitioners also asserted that the Board erred in reviewing the immigration judge's ("IJ") decision concerning nexus. They claimed that the Board should have reviewed that decision de novo to determine if the IJ employed the appropriate analysis. "Whether a person's persecution shares a nexus with his alleged protected ground is a question of fact entitled to deference and reviewed for clear error." *Cortez-Mendez v. Whitaker*, 912 F.3d 205, 209 (4th Cir. 2019). The particular social group advanced by the applicant "must be at least one central reason for the feared persecution but need not be the only reason." *Oliva v. Lynch*, 807 F.3d 53, 59 (4th Cir. 2015) (internal quotation marks omitted). "[T]he protected ground need not be *the* central reason or even a dominant central reason for the applicant's persecution. Rather, the applicant must

3

demonstrate that their protected status was or would be more than an incidental, tangential, superficial, or subordinate reason for their persecution." *Perez Vasquez v. Garland*, 4 F.4th 213, 221 (4th Cir. 2021) (citation and internal quotation marks omitted). "[P]ersecution may be on account of multiple central reasons or intertwined central reasons[.]" *Oliva*, 807 F.3d at 60. But the applicant has the burden of providing some evidence of motive, direct or circumstantial. *Toledo-Vasquez v. Garland*, 27 F.4th 281, 286 (4th Cir. 2022).

We conclude that substantial evidence supports the agency's finding that Ramos De Caal was not persecuted on account of her membership in the particular social group of Guatemalan Achi women who are single mothers. There was no evidence that Ramos De Caal's persecutor was motivated to harm her because of her membership in this particular group. Because Ramos De Caal failed to establish a motive linking her persecutor to her particular social group, there was no reason to apply a mixed-motive analysis that included a protected ground as one of the possible motives. Lastly, we deny the Petitioners' request to remand the petition to permit the Board to consider a new particular social group: Guatemalan women. The Petitioners did not advance this particular social group before the agency.

Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*PETITION DENIED*

4